## Albert Cada, Appellant, v. James Sack et al., Appellees.

### Gen. No. 23,327. (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. FRED-
ERICK A. SMITH, Judge, presiding. Heard in this court at the
March term, 1917. Affirmed. Opinion filed October 2, 1917.

### Statement of the Case.

Bill by Albert Cada, a building contractor, complain-
ant, against James Sack and others, defendants, for
foreclosure of a mechanic's lien on a building owned by
James Sack and conveyed to his wife, Amalie Sack, and
of which a trust deed was executed as security for a
loan. From a decree dismissing the bill, complainant
appeals.

EDWARD J. HERDLICKA, for appellant.

WALTER TRUC, for appellees.

MR. JUSTICE DEVER delivered the opinion of the
court.

### Abstract of the Decision.

1. MECHANICS' LIENS, § 5*—*how act construed.* The Mechanics'
Liens Act is in derogation of the common law. It confers special
favors and privileges upon one class of creditors, and while it
should be construed so as to give effect to the evident purpose and
intention of the Legislature, its meaning cannot be extended, nor
can there be conferred upon this favored class of creditors rights
and privileges not within the language of the act.

2. MECHANICS' LIENS, § 92*—*who is purchaser of property with-
in statute.* A wife of the owner of a building, to whom the prop-
erty is deeded without consideration, is a "purchaser" within the
Mechanics' Liens Act, sec. 7 (J. & A. ¶ 7145), providing that no
contractor shall be allowed to enforce such lien against or to the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

prejudice of any other creditor or incumbrancer or purchaser, unless within four months after completion, he shall either bring suit to enforce his lien therefor or shall file his claim for lien, and her rights will be protected, especially where the contractor has constructive notice, due to the recording of the deed, of the transfer three months prior to the expiration of the four months' period.

3. MECHANICS' LIENS, § 93*—*when claim for lien may be enforced.* No lien can be enforced even as against the owner of property unless a claim for a mechanic's lien is filed, or suit to enforce the lien begun, within four months after the last payment on a building contract.